UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAVIS BLAKE,<br><br>                      Plaintiff,<br>        v.<br><br>BRANDON SILBER, *et al.*,<br><br>                      Defendants. | Case 2:24-cv-00200-MMD-DJA<br><br>ORDER |

**I.      SUMMARY**

*Pro se* Plaintiff Javis Blake brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. (ECF No. 1-1.) On February 6, 2024, this Court ordered Blake to file a fully complete application to proceed *in forma pauperis* ("IFP application") or pay the full $405 filing fee on or before April 8, 2024. (ECF No. 4.) The Court warned Blake the action could be dismissed if he failed to file a fully complete IFP application or pay the full $405 filing fee for a civil action by the April 8, 2024, deadline. (*Id.* at 2.) That deadline expired and Blake did not file a fully complete IFP application, pay the full $405 filing fee, or otherwise respond to the Court's order. And the Court notes that according to the Nevada Department of Corrections inmate database, Blake is no longer incarcerated, but Blake has not filed his updated address with the Court in compliance with Nevada Local Rule IA 3-1.

**II.      DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

1    order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

2    1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

3    keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.

4    1987) (dismissal for failure to comply with court order). In determining whether to dismiss

5    an action on one of these grounds, the Court must consider: (1) the public's interest in

6    expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

7    of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

8    merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine*

9    *Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

10           The first two factors, the public's interest in expeditiously resolving this litigation

11   and the Court's interest in managing its docket, weigh in favor of dismissal of Blake's

12   claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

13   because a presumption of injury arises from the occurrence of unreasonable delay in filing

14   a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

15   F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

16   cases on their merits—is greatly outweighed by the factors favoring dismissal.

17           The fifth factor requires the Court to consider whether less drastic alternatives can

18   be used to correct the party's failure that brought about the Court's need to consider

19   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

20   that considering less drastic alternatives *before* the party has disobeyed a court order

21   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

22   Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally

23   dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*

24   *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without

25   collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance

26   with rules and court orders, the only alternative is to enter a second order setting another

27   deadline. But issuing a second order will only delay the inevitable and further squander

28   the Court's finite resources because Blake ignored the first order. And without an updated

1    address for Blake, the chance that a second order would reach him is low. The fifth factor

2    thus favors dismissal. Having thoroughly considered these dismissal factors, the Court

3    finds that they weigh in favor of dismissal.

4    **III.    CONCLUSION**

5           It is therefore ordered that this action is dismissed without prejudice based on

6    Plaintiff Javis Blake's failure to file a fully complete IFP application or pay the full $405

7    filing fee in compliance with this Court's February 6, 2024, order.

8           It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1)

9    is denied as incomplete and moot.

10          It is further ordered that the Clerk of Court is directed to enter judgment accordingly

11   and close this case. No other documents may be filed in this now-closed case. If Javis

12   Blake wishes to pursue his claims, he must file a complaint in a new case and either pay

13   the required filing fee or apply for pauper status.

14          DATED THIS 13th day of May 2024.

15

16

17          _____
            MIRANDA M. DU
            CHIEF UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28